BERNHEIMER *vs.* KING.—LEHMAIER *vs.* THE SAME.

*Fourth Judicial District Court, June,* 1857.

STATUTE OF LIMITATIONS.

The Act of 1852 is retroactive in its operation, and only affects contracts existing at the time of its passage, and the terms of limitation "within one year," and "within six months," commenced to run from the same period.

Contracts which were mature and not outlawed on the passage of the Act of 1855, can be prosecuted within two years after they have matured.

Demurrer to answer. The facts are fully set out in the opinion.

*Harmon & Labatt,* for plaintiff.

*Crockett & Page,* for defendant.

HAGER, J.—This action is brought to recover the amount of two promissory notes, made in New York, respectively October 9, 1852, and February 11, 1853, payable at the same place, eight months after the dates thereof.

Defendant, by his answer, sets forth as a defense, that the notes were made and executed out of this State, and the several causes of action arising thereon and mentioned in the complaint, occurred to plaintiff more than two years before the commencement of this action. Plaintiffs demur on the ground of insufficiency of the answer.

This issue involves the consideration and decision of this question : Is the plaintiff's right of action varied or extinguished by the Statutes of Limitation of this State.

On the 4th of May, 1852, an act was passed in effect as follows— An action upon a note executed out of this State can only be commenced as follows :

" First, within one year, where *more than two and less than five years* have elapsed since the cause of action accrued : Second, within six months, when more than five years have elapsed since the cause of action accrued."

To this, on the second of April, 1855, a supplementary act was passed, providing, in effect, that an action on a note made out of this State, " can only be commenced within two years from the time the cause of action has accrued, or shall accrue."

The right of action on these notes accrued respectively in June and October 1853, and this action appears to have been commenced on the first of April, 1857.

Recognizing the doctrine to be well established by international as well as the common law, that all actions must be brought within the period prescribed by the local law of the country (*lex fori*) where they are instituted, it becomes necessary to give a construction to the special laws above referred to, and determine to what extent plaintiffs' remedy in this action is affected by them. Four years not having run at the time of the commencement of the action, the general Statutes of Limitations have no application.

The phraseology of the Act of 1851 is peculiar, and, if we apply its provisions to contracts made after its passage, it is difficult to determine its true intent and meaning ; but if, contrary to the ordinary rule, it was intended only to be retrospective, and to have no application to rights of action commencing *in futuro*, it is easily understood.

If it is construed to extend to contracts executed after its passage, it becomes important to determine when the statute commenced to run, and also, if at the time of the commencement of the action—first, more than two and less than five years, or second, more than five years had elapsed since the cause of action accrued ?

At the time the action was commenced, more than two years and less than five years had elapsed since the cause of action accrued, though under the provisions of the act the action should have been commenced " within one year." But from what time ? When does the one year commence to run ? From the passage of the act, or from the time the cause of action accrued ? If from the passage of the act, then the one year expired before the cause of action accrued, and it would be impossible to bring any action within the time speci-

fied.   If from the time the cause of action accrued was intended, then we must hold that if more than two years and less than five had elapsed since the cause of action accrued, the plaintiffs were bound to bring their action in one year after such cause had accrued—a contingency that could not happen in this case.   And under the second subdivision, when five years shall have elapsed since the cause of action accrued, it would not be possible to commence their action within the limitation of six months.

The only rational conclusion that I can arrive at, is to hold that the Act of 1852 is, and was intended to be, retroactive in its operation, and only affects contracts existing at the time of its passage, and that the terms of limitation " within one year," and " within six months," commenced to run from the same period.

It results from this, that at the time of the making and maturity of those notes, the only statutes affecting plaintiffs' right of action in this State, were the general Limitation laws, which, as I have before stated, are no bar to the action.

The most that can be claimed under the supplementary act of 1855, is, that on contracts in existence at the time of its passage, the right of action is barred after two years.   There is a recognized distinction between the obligation of a contract and the remedy upon it—but if all remedies are wholly extinguished by a new law so that there remains no means of enforcing the contract, it would be difficult to reconcile such a statute with well understood constitutional provisions for the preservation of the obligation of contracts and vested rights.

To extend this supplementary act, operating *in presenti,* to contracts in existence at the time of its passage, the consequence would be an abolition of all remedies, when the right to sue had existed two years before that time.

The demurrer is sustained.